# United States District Court
## Middle District of Louisiana

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>RICHARD BARAY<br>(Defendant's Name) | **JUDGMENT IN A CRIMINAL CASE**<br>(For **Revocation** of Probation or Supervised Release)<br><br>Criminal Number: 3:12CR00038-001-BAJ<br>USM Number: 13379-035<br><br>Drew Louviere, Esq.<br>Defendant's Attorney |

**THE DEFENDANT:**
[✔]  admitted guilt to violation of condition(s) <u>2, 3, and 4</u> of the term of supervision.
[ ]  was found in violation of condition(s) ___ after denial of guilt.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Date Violation Occurred |
|---|---|---|
| See next page. | | |

The defendant is sentenced as provided in pages 2 through <u>8</u> of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[✔]  The defendant has not violated condition(s) <u>1 - withdrawn by U.S. Probation</u> and is discharged as to such violation(s) condition.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

4/9/2013
Date of Imposition of Sentence

*/s/ Brian A. Jackson*
Signature of Judicial Officer

BRIAN A. JACKSON, CHIEF JUDGE,
Middle District of Louisiana
Name & Title of Judicial Officer

4/16/2013
Date

USAtty

CASE NUMBER:       3:12CR00038-001                                                       Judgment - Page 2 of 8
DEFENDANT:         RICHARD BARAY

## ADDITIONAL VIOLATION

| Violation Number | Nature of Violation | Date Violation Concluded |
|---|---|---|
| 2 | Standard Condition:<br>The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.<br><br>Nature of Noncompliance:<br>Baray submitted a monthly report on April 23, 2012, which reflected on March 6, 2012, he moved to Baton Rouge, Louisiana, On July 19, 2012.  Supervising U.S. Probation Officer Patrick Smith conducted a home visit at the residence in Baton Rouge in an attempt to veriry Baray's residence.  Contact was made with a female occupant at the residence who advised Baray has not resided there for the past month and a half.  Baray reported to the U.S. Probation Office on July 20, 2012, and dropped off his monthly reports for the months of April, May and June 2012.  He reported on the monthly reports that he resides in Greenwell Springs, Louisiana. During a telephone conversation the same date, Baray indicated he moved to the residence in Greenwell Springs, LA on June 16, 2012. | 7/20/2012 |
| 3 | Standard Condition:<br>The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer.<br><br>Nature of Noncompliance:<br>Baray was issued citations by the Baton Rouge City Police Department, East Baton Rouge Parish Sheriff's Office and Louisiana State Police, Troop I on 08/01/11, 11/10/11, and 02/27/12, respectively. Baray failed to notify his probation officer within 72 hours of his contact with the above mentioned law enforcement agencies. | 02/27/12 |

| CASE NUMBER: | 3:12CR00038-001 | Judgment - Page 3 of 8 |
|---|---|---|
| DEFENDANT: | RICHARD BARAY | |

| 4 | Standard Condition:<br>The defendant shall answer truthfully inquires by the probation officer and follow the instructions of the probation officer.<br><br>Nature of Noncompliance:<br>Baray's driver's license is suspended.  He was advised in a written reprimand dated March 13, 2012, to discontinue driving until he obtains a valid driver's license. This officer observed Baray drive away from the U. S. Probation Office on June 20, 2012 in a red Dodge truck.  Additionally, Baray called this officer upon leaving and admitted that he was driving.  Baray was also arrested on July 28, 2012, and charged with driving under suspension, driving while intoxicated, 2nd offense, and reckless operation in violation of the probation officer's written instructions to discontinue driving until he obtains a valid driver's license.<br><br>Nature of Noncompliance:<br>On March 13, 2012, Baray was issued a written reprimand notifying him of violations.  He was instructed to resolve the bench warrants that were outlined in the reprimand. As of July 30, 2012, bench warrants remain outstanding in Ascension and St. Martin Parishes. | 7/30/12 |

| CASE NUMBER: | 3:12CR00038-001 | Judgment - Page 3 of 8 |
|---|---|---|
| DEFENDANT: | RICHARD BARAY | |

AO 245B      (Rev. 09/11) Judgment in a Criminal Case
             Sheet 2 - Imprisonment

CASE NUMBER:    3:12CR00038-001                                              Judgment - Page 4  of  8
DEFENDANT:      RICHARD BARAY

## IMPRISONMENT

    The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of <u>time served</u>.

[ ]   The court makes the following recommendations to the Bureau of Prisons:

[ ]   The defendant is remanded to the custody of the United States Marshal.

[ ]   The defendant shall surrender to the United States Marshal for this district.
     [ ] at ___ on ___.
     [ ] as notified by the United States Marshal.

[]    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
     [ ] before _ on _.
     [ ] as notified by the United States Marshal.
     [] as notified by the Probation or Pretrial Services Officer.

## RETURN

I have executed this judgment as follows:

    Defendant delivered on _____ to _____
at _____, with a certified copy of this judgment.

 

_____
UNITED STATES MARSHAL

By _____
     Deputy U.S. Marshal

AO 245B  (Rev. 09/11) Judgment in a Criminal Case
    Sheet 3 - Supervised Release

| | | |
|---|---|---|
| CASE NUMBER: | 3:12CR00038-001 | Judgment - Page 5 of 8 |
| DEFENDANT: | RICHARD BARAY | |

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of  12 months .

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

[ ]      The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.  (Check if applicable.)

[✔]      The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check if applicable.)

[✔]      The defendant shall cooperate in the collection of DNA as directed by the probation officer.  (Check, if applicable.)

[ ]      The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense.   (Check, if applicable.)

[ ]      The defendant shall participate in an approved program for domestic violence.  (Check, if applicable.)

If this judgment imposes a fine or restitution, it is be a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 09/11) Judgment in a Criminal Case
        Sheet 3 - Supervised Release

CASE NUMBER: 3:12CR00038-001  Judgment - Page 6 of 8
DEFENDANT: RICHARD BARAY

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall participate in an alcohol assessment and/or treatment program and residential treatment if needed, and shall assist in the cost of said treatment, as approved by the probation officer.

The defendant shall submit to random substance abuse testing as directed by the probation officer.

The defendant shall reside for a period of 3 months, to commence at the direction of the probation officer, in the Ecumenical Community Corrections Center, 6753 Cezanne St., Baton Rouge, Louisiana and shall observe the rules of that facility.

AO 245B  (Rev. 09/11) Judgment in a Criminal Case
    Sheet 5 - Criminal Monetary Penalties

CASE NUMBER:    3:12CR00038-001    Judgment - Page 7 of 8
DEFENDANT:    RICHARD BARAY

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ | $ | $ |

[ ]    The determination of restitution is deferred until _. An *Amended Judgment in a Criminal Case* (AO245C) will be entered after such determination.

[ ]  The defendant must make restitution (including community restitution) to the following payees in the amounts listed below.

    If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C.§3664(i), all non-federal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| TOTALS: | $ ____ | $ ____ | |

[ ]    Restitution amount ordered pursuant to plea agreement .......... $____

[ ]    The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

[ ]    The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    [ ]    The interest requirement is waived for the    [ ] fine    [ ] restitution.

    [ ]    The interest requirement for the [ ] fine [ ] restitution is modified as follows:

---

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B   (Rev. 09/11) Judgment in a Criminal Case
    Sheet 6 - Schedule of Payments

| | |
|---|---|
| CASE NUMBER: 3:12CR00038-001 | Judgment - Page 8 of 8 |
| DEFENDANT: RICHARD BARAY | |

# SCHEDULE OF PAYMENTS

Having accessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A    [ ]    Lump sum of $ _ due immediately, balance due

         [] not later than _, or
         [] in accordance      [] C, [] D, [] E, or [] F below; or

B    [ ]    Payment to begin immediately (may be combined with [] C, [] D, or [] F below); or

C    [ ]    Payment in equal _ (e.g. equal, weekly, monthly, quarterly) installments of $ _ over a period of _ (e.g., months or years) to commence _ (e.g., 30 or 60 days) after the date of this judgment; or

D    [ ]    Payment in equal _ (e.g. equal, weekly, monthly, quarterly) installments of $ _ over a period of _ (e.g., months or years) to commence _ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E    []    Payment during the term of supervised release will commence within _(e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F    [ ]    Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary payments, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

     [ ]    Joint and Several

         Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

     [ ]    The defendant shall pay the cost of prosecution.

     []    The defendant shall pay the following court costs:

     [ ]    The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal,
(5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.